IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEXANDER JUAREZ-SANCHEZ,<br><br>*Defendant.* | Case No.: 1:21-cr-00174-JRR |

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is Defendant Alexander Juarez-Sanchez's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] (ECF No. 131; the "Motion.") The court has reviewed all papers.

**I.  BACKGROUND**

Juarez-Sanchez is an inmate serving a 210-month sentence. (ECF No. 91 at p. 2.) Simms is currently housed at Mendota FCI.[2] *Id.* He has served approximately 56 months of his sentence; his projected release date is September 4, 2035.

On May 19, 2021, Juarez-Sanchez was indicted on one count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846 (Count 1), one count of Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a) (Count 2), and one count of Illegal Reentry after Deportation in violation of 8 U.S.C. § 1326(a) (Count 3). (ECF No. 3.) On May 31, 2022, a jury returned a guilty verdict on all counts. (ECF No. 78.) On March 1, 2024, Juarez-Sanchez filed the instant Motion. (ECF No. 131.) In his Motion, Juarez-Sanchez

---

[1] Juarez-Sanchez requests that the court appoint the Office of the Federal Public Defender to represent him. Juarez-Sanchez's request is moot in view of the filing at ECF No. 136 in which the Office of the Federal Public Defender states that it declines to file a supplement to the Motion.

[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 3, 2025); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

informs the court that he does not speak, read, or write the English language; another inmate assisted him in the filing of his Motion. *Id.* at p. 2.

## II. LEGAL STANDARD

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c). This "rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018). One such exception is found in 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment, *inter alia*, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). "This can occur after the Court 'consider[s] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Riley*, No. CR ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (quoting 18 U.S.C. § 3582(c)(2)).

"One such retroactive amendment is Amendment 821 to the Sentencing Guidelines." *United States v. Gary*, No. CR JKB-08-0086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024). "Amendment 821 is a multi-part amendment." *Id.* "Part A pertains to criminal history and 'status points.'" *United States v. McElrath*, No. ELH-21-0137, 2024 WL 4529278, at *3 (D. Md. Oct. 17, 2024) (quoting *Gary*, 2024 WL 1641007, at *1). It provides that "a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points." *Gary*, 2024 WL 1641007, at *1; *see McElrath*, 2024 WL 4529278, at *3 (same); *United States v. L.*, No. CR DKC 11-489-1, 2024 WL

2

3757902, at *1 (D. Md. Aug. 12, 2024) (same). Part B "provides for a decrease of two offense levels if [eleven] conditions are met," see McElrath, 2024 WL 4529278, at *3, including:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and
> **(11)** the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. 4C1.1(a).

### III.   ANALYSIS

Juarez-Sanchez brings his Motion under Part B of Amendment 821 and contends that he is entitled to a two-point reduction of his offense level because he is a zero-point offender. (ECF No. 131 at p. 3.) Juarez-Sanchez, however, fails to show that he is entitled to reduction under Part B. As discussed above, U.S.S.G. 4C1.1 permits for a decrease in offense level where "all" of the criteria are met. Juarez-Suarez does not contend that he satisfies all criteria; and review of the record confirms that he does not satisfy all criteria. For example, Juarez-Sanchez's Motion fails under 4C1.1(a)(1), because his total criminal history score was calculated to be three. (ECF No.

90 at p. 13.) Specifically, Juarez-Sanchez received two criminal history points per 4A1.1(b) and 4A1.2(k) for a 2014 conviction for criminal recklessness in Indiana, which ultimately led to Juarez-Sanchez's deportation. *Id.* at 12. He also received one criminal history point per 4A1.1(c) for a 2018 conviction for illegal reentry, again leading to his deportation. *Id.* at 13. Having three criminal history points, Juarez-Sanchez fails to satisfy the Part B requirement that he not have criminal history points from Chapter Four, Part A. U.S.S.G. 4C1.1(a)(1). Similarly, the Motion fails under U.S.S.G. 4C1.1(a)(10), because Juarez-Sanchez received a two-point enhancement of his offense level because he was an "organizer, leader, manager, or supervisor" in recruiting others to the conspiracy and managing/facilitating payment to associates in Mexico. (ECF No. 90 at p. 10.)

In view of the foregoing, Juarez-Sanchez is not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2). The court therefore need not reach the 18 U.S.C. § 3553(a) factors.

For the foregoing reasons, it is this 3rd day of April 2025,

**ORDERED** that the Motion (ECF No. 131) shall be, and is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this Memorandum Opinion and Order to Juarez-Sanchez.

                                                   /s/
                                      Julie R. Rubin
                                      United States District Judge